# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| BOTTLEHOOD, INC., | CASE NO. 11-cv-2910-MMA (MDD) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| THE BOTTLE MILL; ROGER STELLERS; WILLIAM FORBES; DOES 1 through 25, | [Doc. No. 7] |
| Defendants. | |

Plaintiff BottleHood, Inc. ("BottleHood") initiated this copyright, trademark, and unfair competition action. Defendant The Bottle Mill moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. No. 7.] Plaintiff opposes the motion [Doc. No. 8], and Defendant has replied. [Doc. No. 9.] For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

## BACKGROUND

This action arises from The Bottle Mill's alleged infringement of Plaintiff's copyrights and trademarks.[1] Plaintiff produces eco-friendly household products made from repurposed glass,

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). Accordingly, unless otherwise noted, all facts cited are taken from the Complaint.

1  which it sells at local farmers' markets and on the Internet. [Cmplt., Doc. No. 1 ¶ 12.] Three of
2  these items, the BottleHood Tumbler (GG1), the BottleHood Tumbler (AB1), and the BottleHood
3  Dish (P1), have copyright registration applications pending with the United States Copyright
4  Office ("Copyright Office"). Plaintiff uses the slogan "Good for the Neighborhood " in
5  connection with these glassware products and its other goods. [*Id.* at ¶ 14.] Plaintiff also owns a
6  federally registered trademark in the name "BottleHood." [*Id.* at ¶ 13.]

7        In or around August 2011, Defendants Roger Stellers and William Forbes formed a general
8  partnership, doing business as The Bottle Mill. [*Id.* at ¶ 15.] Like BottleHood, The Bottle Mill
9  sells household products made from repurposed glassware on the Internet and at farmers' markets.
10 [*Id.* at ¶ 17.] To advertise its products online, The Bottle Mill uses photographs of BottleHood
11 products without their permission. [*Id.*] The Bottle Mill also uses a similar tagline as BottleHood
12 in connection with its repurposed goods, "Good for the Community." [*Id.* at ¶ 19.]

13       Plaintiff first learned of The Bottle Mill's sale of infringing products when a customer
14 complained that they mistakenly bought a product from The Bottle Mill instead of BottleHood.
15 [*Id.* at ¶ 17.] BottleHood responded by notifying The Bottle Mill's Internet service providers of
16 the infringing material on or around December 2, 2011. [*Id.* at ¶ 18.] Plaintiff also sent a cease
17 and desist letter to The Bottle Mill, asking it to terminate its online presence and to stop selling
18 infringing products. [*Id.* at ¶ 21.][2]

19       On December 14, 2011, Plaintiff filed this action, alleging seven causes of action for: (1)
20 Copyright infringement, 17 U.S.C. § 501; (2) Contributory copyright infringement; (3) Vicarious
21 copyright infringement; (4) Federal trademark infringement, 15 U.S.C. §§ 1114 *et seq.*; (5)
22 Violations of federal unfair competition law; (6) California common law trademark infringement;
23 and (7) Violations of California's Unfair Competition Law, CAL. BUS. PROF. CODE §§ 17200 *et*
24 *seq*. The Bottle Mill moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure
25 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. No. 7.]

26

27

28     [2] It is unclear from the Complaint whether Defendant or the Internet service providers responded to Plaintiff's requests.

## DISCUSSION

I. **REQUEST FOR JUDICIAL NOTICE**

In support of its motion to dismiss, Defendant requests the Court take judicial notice of the following search results from the database of registered copyrights on the Copyright Office's website: (1) Results for "Bottlehood"; (2) Results for "Bottlehood Dish" under title; (3) Results for "Bottlehood Dish" under keyword; (4) Results for "Bottlehood Tumbler" under title; and (5) Results for "Bottlehood Tumbler" under keyword. [Doc. No. 9, p. 2.] The search for these keywords returned no results, which Defendant offers in support of its motion to dismiss Plaintiff's copyright infringement claim. [*Id.*] Because Plaintiff admits the items mentioned above are not currently registered copyrights, but pending approval from the Copyright Office, the Court **DENIES** Defendant's request **AS MOOT**. [Cmplt. ¶ 13.]

II. **MOTION TO DISMISS**

    **(A)**     **Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S.__ , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003));

1 *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

When a claim is dismissed for failure to state a claim, leave to amend should be granted "unless the court determines the allegation of other facts consistent with the challenged pleadings could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schrieber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, a court may grant a motion to dismiss and dismiss the claim with prejudice where amendment would be futile. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990).

**(B)  Analysis**

*(i)  Copyright Infringement*

Plaintiff's first cause of action asserts The Bottle Mill reproduced and distributed copies and photographs of the BottleHood Tumbler (GG1), the BottleHood Tumbler (AB1), and the BottleHood Dish (P1) without its permission. [Cmplt. ¶ 26.] In response, Defendant argues Plaintiff's claim should be dismissed for three reasons. First, Plaintiff failed to apply for copyright registration, which is a jurisdictional prerequisite for bringing a copyright infringement suit. [Doc. No. 7, p. 10.] Second, Plaintiff's glassware items serve a purely utilitarian function, rendering them uncopyrightable under the useful article doctrine. [*Id.* at pp. 12-13.] Third, Plaintiff inadequately pleads a direct copyright infringement claim. [*Id*. at p. 11.]

(a)  <u>Lack of Subject Matter Jurisdiction</u>

Defendant argues the Court does not have subject matter jurisdiction over the copyright infringement claim because Plaintiff did not submit a copyright registration application to the Copyright Office. [Doc. No. 7, p. 10.] Under section 411(a) of the Copyright Act, a plaintiff cannot bring a claim for copyright infringement until the work has been registered or pre-registered with the Copyright Office. However, receipt of a completed application by the Copyright Office satisfies the registration requirement under section 411(a). *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 621 (9th Cir. 2010). Because Defendant moves to dismiss this claim, the Court must accept as true all material allegations in the complaint. *Cholla Ready*

1  *Mix, Inc.*, 382 F.3d at 973.  Here, Plaintiff alleges it submitted a completed registration application
2  to the Copyright Office for the BottleHood Tumbler (GG1), the BottleHood Tumbler (AB1), and
3  the BottleHood Dish (P1).  [Cmplt. ¶ 13.]  Thus, the Court **DENIES** Defendant's motion to
4  dismiss with respect to the three glassware items.  However, because Plaintiff does not allege it
5  submitted a completed application for the photographs, the Court **GRANTS** Defendant's motion
6  to dismiss the copyright infringement claims **WITH LEAVE TO AMEND** with respect to the
7  photographs.

(b)  Lack of Copyrightability

9        The Bottle Mill asserts Plaintiff's copyright infringement claim should be dismissed
10 because the glassware items serve a purely utilitarian function, which makes them uncopyrightable
11 under the useful article doctrine.  [Doc. No. 7, pp. 12-3.]  However, this is not an appropriate
12 determination on a motion to dismiss, even if a fact-finder may ultimately conclude the work does
13 not qualify for copyright protection.  *See Tactical Tailor, Inc. v. Hirayama*, 2005 U.S. Dist. LEXIS
14 33602 *4 (W.D. Wash. 2005) (finding the determination of whether a work is a "useful article"
15 inappropriate on a motion to dismiss); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 710
16 (9th Cir. 2010) (noting that the determination of whether an item is an "uncopyrightable 'useful
17 article'"is a fact-intensive one that must be submitted to the jury when there is a factual dispute).
18 Accordingly, Defendant's argument is premature at this stage of the litigation, and the Court
19 declines to dismiss Plaintiff's claim on this basis.

(c)  Failure to Plead Direct Copyright Infringement

21       Defendant argues that Plaintiff fails to sufficiently plead the elements of direct copyright
22 infringement.  [Doc. No. 7, pp. 10-11.]  To establish a claim for direct copyright infringement, a
23 plaintiff must establish that: (1) it owns the copyright for the allegedly infringed material; and (2)
24 the defendant violated at least one exclusive right granted to the copyright holder under section
25 106 of the Copyright Act.  17 U.S.C. § 501(a); *Perfect 10, Inc. v. Amazon.com, Inc.*, 50 F.3d 1146,
26 1159 (9th Cir. 2007).  Here, the first element is satisfied because Plaintiff has a pending copyright
27 registration application with the Copyright Office.  *See OpenMind Solutions, Inc. v. Doe*, 2011

U.S. Dist. LEXIS 116552 *11 (N.D. Cal. Oct. 7, 2011) (finding the plaintiff adequately alleged the first element because it was the subject of a pending copyright registration application).

As to the second element, the Copyright Act grants copyright owners the exclusive rights to reproduce and distribute the copyrighted work. 17 U.S.C. § 106. Here, Plaintiff alleges The Bottle Mill violated its rights to copy and distribute the BottleHood Tumber (GG1), the BottleHood Tumber (AB1), and the BottleHood Dish (P1) by creating "substantially similar" glass works and selling them at several locations without its authorization. [Cmplt. ¶¶ 16, 26-7.] Plaintiff also alleges Defendant knew the glassware items belonged to Plaintiff when it created and sold the infringing works. [*Id.* at ¶¶ 27-9.] Thus, the Court finds Plaintiff adequately alleges Defendant violated its exclusive rights as copyright owner of the three glassware items mentioned above. *10 Group, Inc. v. Jordon*, 708 F. Supp. 2d 989, 998 (N.D. Cal. 2010) (finding copyright infringement claim was adequately pled where the plaintiff alleged the defendant reproduced, distributed and publicly displayed plaintiff's copyrighted work without authorization). Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's copyright infringement claim with respect to the three glassware items.

*(ii)   Contributory and Vicarious Copyright Infringement*

Defendant summarily argues the contributory and vicarious infringement claims should be dismissed because Plaintiff does not adequately allege direct copyright infringement. [Doc. No. 7, p. 13.] Although Defendant correctly asserts that a claim for contributory or vicarious infringement cannot survive without first adequately alleging a direct infringement claim, the Court determined above in section (II)(B)(i) that Plaintiff adequately pleads direct infringement. *See MDY Indus., LLC v. Blizzard Entm't, Inc.*, 2011 U.S. App. LEXIS 3428 *10 (9th Cir. 2011) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)). Thus, the Court **DENIES** Defendant's motion to dismiss the contributory and vicarious infringement claims.

*(iii)   Trademark Infringement and Federal Unfair Competition*

To bring a trademark infringement claim under the Lanham Act, a plaintiff must show: (1) it has a protectable trademark interest; (2) the defendant used the infringing mark in commerce; and (3) the infringing mark was likely to cause consumer confusion. *KEMA, Inc. v. Koperwhats*,

1  2010 U.S. Dist. LEXIS 90803 *5-6 (N.D. Cal. Sept. 1, 2010) (internal quotations and citations
2  omitted). Here, Plaintiff alleges The Bottle Mill used marks confusingly similar to its
3  "BottleHood" and "Good for the Neighborhood" marks in connection with the sale of similar
4  repurposed glassware products. [Cmplt. ¶¶ 46-7, 54, 61.] In response, Defendant argues
5  BottleHood fails to adequately plead the first two elements of a trademark infringement claim.[3]
6       As to the first element, The Bottle Mill asserts Plaintiff's trademark infringement claim
7  fails because it does not adequately plead an interest in a protectable trademark. Specifically,
8  Defendant argues Plaintiff fails to put The Bottle Mill on notice of the allegedly infringed marks.
9  [Doc. No. 7, pp. 14-16.] This argument lacks merit because Plaintiff identifies two infringed
10 marks in its complaint. Plaintiff asserts that the "BottleHood" and "Good for the Neighborhood"
11 marks are used in connection with the sale of its repurposed glassware products. [Cmplt. ¶¶ 46-7.]
12 Plaintiff also alleges its "BottleHood" mark has been registered with the United State Patent and
13 Trademark Office. [*Id.*] Thus, Plaintiff has adequately identified two allegedly infringed marks.
14      Defendant also asserts Plaintiff does not own trademark interests in the allegedly infringing
15 marks, "The Bottle Mill" or "Good for the Community." [Doc. No. 7, p. 16.] This argument is
16 unavailing because the Lanham Act does not require a plaintiff to show exact copying. *Wolfard*
17 *Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1323 (9th Cir. 1997) (finding a mark need not be an
18 exact copy of the plaintiffs' trademark in order to infringe it).
19      The Bottle Mill further argues Plaintiff's descriptive mark, "Good for the Neighborhood,"
20 cannot be protected because Plaintiff fails to plead secondary meaning. [Doc. No. 7, p. 16.] For a
21 mark to obtain secondary meaning, it must produce a mental recognition in buyers' and potential
22 buyers' minds that the products connected to it come from the same source. *Solid Host, NL v.*

---

[3] The Court considers the plausibility of Plaintiff's federal and state trademark infringement and federal unfair competition claims together because Defendant combined them in its Motion to Dismiss. [*See generally* Doc. No. 7.] Specifically, The Bottle Mill analyzed all claims under the Lanham Act because "federal and state laws regarding trademarks and related claims of unfair competition are substantially congruent." [*Id.* at p. 13] (quoting *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980)); *see also Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 975 n.90 (C.D. Cal. 2002) (noting that "[t]he standard for Lanham Act unfair competition is the same as that for Lanham Act trademark infringement" and that "the elements of state claims for trademark infringement and unfair competition are substantially similar to those of the comparable federal claims.").

1 *Namecheap, Inc.*, 652 F. Supp. 2d 1092, 1107 (C.D. Cal. 2009) (quoting *Carter-Wallace, Inc. v.
2 Proctor & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970)).  However, on a motion to dismiss, a
3 plaintiff does not have to specifically allege its common law trademark has attained secondary
4 meaning, because it can be inferred from evidence relating to proof of intentional copying or
5 public exposure achieved by the designation.  *Id.* at 43 (quoting *Ashlar, Inc. v. Structural
6 Dynamics Res. Corp.,* 1995 WL 639599 * 5 (N.D. Cal. June 23, 1995) (denying motion to dismiss
7 and finding that although the plaintiff may not ultimately prove secondary meaning, it does not
8 have to be pled in the complaint)).  Here, Plaintiff summarily alleges it displays and affixes the
9 "Good for the Neighborhood" mark on its products "in a manner that associates the mark and
10 name with Plaintiff's goods . . . ."  [Cmplt. ¶ 14.]  Although these allegations provide the Court
11 with minimal detail regarding secondary meaning, Plaintiff does not have to plead secondary
12 meaning to survive a motion to dismiss.  *See Solid Host, NL*, 652 F. Supp. 2d at 1107.  Therefore,
13 the Court will not consider whether Plaintiff can ultimately prove secondary meaning at this time.

14       With respect to the second element, The Bottle Mill asserts Plaintiff's trademark
15 infringement claim should be dismissed because it does not allege Defendant used the allegedly
16 infringing marks in connection with goods or services.  [Doc. No. 7, p. 18.]  This argument lacks
17 merit.  Although The Bottle Mill correctly asserts the Lanham Act requires a plaintiff to allege that
18 the defendant used the infringing product in commerce (*see KEMA, Inc.*, 2010 U.S. Dist. LEXIS
19 90803 *5-6), it overlooks the fact that Plaintiff does, in fact, allege that The Bottle Mill used the
20 infringing marks in commerce.  Particularly, Plaintiff alleges Defendant "without the consent of
21 Plaintiff, used in commerce . . ." Plaintiff's marks or marks confusingly similar "in a manner that
22 creates a likelihood of confusion . . . ."  [Cmplt. ¶ 61.]  Thus, the Court rejects Defendant's
23 argument because Plaintiff has alleged that Defendant used the marks in connection with the sale
24 of goods.

25       Although Defendant does not address the sufficiency of the third element, the Court finds it
26 has been adequately pled because Plaintiff alleges Defendant's marks, "The Bottle Mill" and
27 "Good for the Community," confuse customers due to their similarity to its "Good for the
28

Neighborhood" and "BottleHood" marks. [*Id.* at ¶ 19.] Plaintiff also asserts that a customer accidentally purchased a product from The Bottle Mill instead of BottleHood. [*Id.* ¶ 16.]

In sum, because the Court does not find any of Defendant's above arguments persuasive, it **DENIES** Defendant's motion to dismiss Plaintiff's fourth, fifth, and sixth causes of action.

*(iv)    California Unfair Competition Law*

Defendant argues the Unfair Competition Law (UCL) claim should be dismissed because Plaintiff failed to state a claim for the alleged predicate violations, trademark and copyright infringement. However, the Court finds Plaintiff has adequately pled the trademark and copyright claims in sections (II)(B)(i) and (iii). Thus, the Court **DENIES** Defendant's motion to dismiss the UCL claims.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss [Doc. No. 7], and **ORDERS** as follows:

(i)    Plaintiff's first cause of action is **DISMISSED WITH LEAVE TO AMEND** with respect to the photographs. With respect to the glassware items, the motion is **DENIED**.

(ii)   Defendant's motion to dismiss Plaintiff's second, third, fourth, fifth, sixth, and seventh causes of action is **DENIED**.

(iii)  If Plaintiff wishes to amends its complaint, it must file a first amended complaint that remedies the deficiencies noted above, no later than **May 5, 2012**.

**IT IS SO ORDERED.**

DATED: April 23, 2012

Hon. Michael M. Anello
United States District Judge